| | |
|---|---|
| **STATE OF NORTH DAKOTA** | **DISTRICT COURT** |
| **County of Cass** | East Central Judicial District |

Damon Leavitt, )
)
      Plaintiff, )
)
v. )
)    **SUMMONS**
Newrez, LLC d/b/a Shellpoint Mortgage Servicing, )
)
      Defendant. )
)
)
)

1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this Summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

    625 Main Ave, Suite 152
    Moorhead, MN 55402

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not

1

be given everything asked for in the Complaint, you must say so in your Answer.

       4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

Dated: February 5, 2024                        **MINNDAK LAW, PLLC**

                                                  /s/Catrina Smith
                                                  Catrina Smith (#9895)___
                                                  625 Main Ave, Suite 152
                                                  Moorhead, MN 56560
                                                  701.840.6993
                                                  csmith@minndaklaw.com
                                                  ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| STATE OF NORTH DAKOTA<br>County of Cass | DISTRICT COURT<br>East Central Judicial<br>District |

|   |   |   |
|---|---|---|
| Damon Leavitt, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Newrez, LLC d/b/a Shellpoint Mortgage<br>Servicing, | ) | **COMPLAINT** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, by and through his attorney, for his complaint against Defendant upon personal knowledge as to his own facts and conduct and on information and belief as to all other matters, states and alleges as follows:

### INTRODUCTION

The following case highlights a broken collection system that leaves consumers with little to no power to combat blatantly false debts that cripple them from utilizing the credit system. Defendant NewRez, LLC ("Newrez") furnished false information to the major credit reporting agencies that Plaintiff was late on his mortgage payment resulting in significant damage to Plaintiff's credit rating and has therefore intentionally harmed his ability to participate in the credit markets. Even after Plaintiff overcame the procedural hurdle of disputing this information with the credit reporting agencies

("CRAs"), Defendant verified the information as accurate and the false late payment remained on his credit report.

As a direct result of Defendant's actions, Plaintiff's credit score has been unlawfully decimated making it impossible for him to utilize any aspect of the credit system. In fact, he was unable to obtain a mortgage loan for a new home because of this false late payment. To say Defendant has meddled in every aspect of Plaintiff's life is an understatement.

## PARTIES

1. Plaintiff is an adult resident of Cass County, North Dakota.

2. Defendant is a foreign corporation that does business in the state of North Dakota through its registered agent.

3. Defendant is a "furnisher" of information as defined and governed by 15 U.S.C. § 1681s-

4. Defendant is registered in North Dakota with a service of process address listed as 418 N 2nd Street, Bismarck, ND 58501.

5. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of North Dakota and in the County of Cass.

## FACTS

1. Plaintiff is an individual, and, therefore, at all times mentioned herein was a "consumer" as defined by 15 U.S.C. § 1681a(c).

2. Plaintiff is an individual "consumer" as defined by § 1681a(c).

3.   In March 2023, Plaintiff noticed that there was a late payment reporting on his Newrez account. It stated that he was 30 days past due on his mortgage loan.

4.   In January 2023, Plaintiff went to check his checking account, he noticed that the mortgage payment he made had been returned to which he promptly made another mortgage payment and saw to it that it was processed correctly.

5.   When he requested information from Defendant about it, at first, it claimed that the late payment was reporting accurately. However, after a phone call with Plaintiff in April 2023, Defendant disclosed that it had inaccurately applied the mortgage payment to a previous mortgage which is why it was appearing as past due.

6.   Defendant then sent Plaintiff a letter on May 23, 2023 alleging that it was actually a November 2022 payment that was returned but rather than reversing that payment, it reversed the January payment.

7.   Plaintiff has records that reflect the November 2022 payment was properly processed and was never returned.

8.   In order to avoid Defendant reporting the loan as 30 days past due, Plaintiff was forced to make another mortgage payment despite knowing that he made all timely payments on his mortgage.

9.   Plaintiff promptly disputed the alleged debt with the CRAs.

10.   Specifically, Plaintiff sent Defendant such notices via certified mail on or about May 12, 2023.

11. Plaintiff is in possession of copies of those letters verified as accurate and unchanged by a third party, and Plaintiff is in possession of certified mail receipts proving the letters were mailed and delivered.

12. Despite the plainly false nature of the late payment, it remains on Plaintiff's credit report.

13. The direct result of Defendant's false reporting was significant damage to Plaintiff's credit rating thereby making it impossible for Plaintiff to obtain favorable loans or any reasonably priced credit card. Specifically, Plaintiff was unable to obtain a mortgage due to the late payment on his mortgage loan with Newrez.

14. Similarly, as a further result of Defendant's systematic failure to fulfill its statutory duties as a furnisher, Plaintiff suffered personal financial loss and loss of standing in the community.

15. Plaintiff was further harmed by incurring legal and professional fees in consulting with various experts regarding the course of action for correcting the errors and in bringing this suit.

16. As a result of Defendant's conduct, Plaintiff suffered from anger, frustration, anxiety, and humiliation and has been unfairly excluded from the benefits of the credit system.

## APPLICABLE STATUTORY LAW

17. Defendant failed to reasonably reinvestigate Plaintiff's May 2023 disputes that Defendant received from Experian, Equifax and TransUnion in violation of § 1681s-2(b)(1)(A) and (B) of the FCRA.

18. Defendant further violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to correct the account after receiving Plaintiff's May 2023 disputes from Experian, Equifax and TransUnion and prior to the commencement of this action.

19. Experian, Equifax and TransUnion responded to Plaintiff's May 2023 dispute, claiming that the Defendant's account had been verified. This response confirms that Experian, Equifax and TransUnion communicated Plaintiff's dispute to Defendant.

20. Furnishers of information to CRAs must comply with certain aspects of the Act. Section 623 of the FCRA, 15 U.S.C. § 1681s-2, addresses the duties of persons who furnish information to the CRAs.

## CLAIMS FOR RELIEF

### COUNT I

### Violation of § 1681s-2(b)(1)(A) and (B) of the FCRA

21. The Plaintiff realleges and incorporates the foregoing paragraphs above as if fully set out herein.

22. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully conduct a reasonable investigation of the Plaintiff's May 2023 disputes after said disputes were furnished to Defendant by Experian, Equifax and TransUnion.

23. Based on the manner in which Experian, Equifax and TransUnion responded to—Plaintiff's May 2023 disputes, representing that Defendant had "verified" the supposed accuracy of its reporting, Plaintiff alleges that Experian, Equifax and TransUnion did in fact forward the Plaintiff's disputes via ACDV to Defendant.

6. Defendant understood the nature of Plaintiff's May 2023 dispute when it received the ACDVs from Experian, Equifax and TransUnion.

7. Notwithstanding the above, Defendant follows a standard and systematically unlawful process when it receives an ACDV dispute. Basically, all Defendant does is review its own internal computer screens for the account and repeat back to the ACDV system the same information it already has reported to Experian, Equifax and TransUnion.

8. When Defendant receives a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether or not the information already in its computer system itself is inaccurate.

9. As a result of Defendant violations of 15 U.S.C. § 1681s-2(b)(1)(A) and (B), Plaintiff suffered actual damages including but not limited to loss of credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

10. As a result of Defendant violations of 15 U.S.C. § 1681s-2(b), the Plaintiff is entitled to recover their actual damages pursuant to 15 U.S.C. § 1681n and/or § 1681o, or in the alternative their statutory damages of $1,000 pursuant to 15 U.S.C. § 1681n.

11. Defendant's FCRA violations were willful, rendering it is liable for actual, statutory damages and punitive damages in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

12. The Plaintiff is entitled to recover their costs and attorneys' fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT II**
**Violation of § 1681s-2(b)(1)(C) and (E) of the FCRA**

13. The Plaintiff realleges and incorporates the foregoing paragraphs as if fully set out herein.

14. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to accurately correct and update or delete Plaintiff's information after receiving Plaintiff's disputes from Experian, Equifax and TransUnion and prior to the commencement of this action. This failure to correct Plaintiff's information resulted from Defendant's failure to investigate as articulated herein, after Defendant received notice of Plaintiff's May 2023 disputes from Experian, Equifax and Trans Union.

15. On information and belief, Plaintiff's allege that the procedures followed regarding the Plaintiff's FCRA disputes through e-Oscar were the procedures that Defendant intended its employees or agents to follow.

16. As a result of this conduct, action and inaction of Defendant, the Plaintiff suffered actual damages, including but not limited to loss of credit, loss of the ability to purchase and benefit from a credit, reduction in credit scores, reduction in lines of credit, and denial for various financial products, the mental and emotional pain and anguish and the humiliation and embarrassment of having to borrow money and offer explanations for why they lost the ability to benefit from credit.

17. As a result of Defendant's violations of 15 U.S.C. § 1681s-2(b), the Plaintiff is entitled to recover their actual damages pursuant to 15 U.S.C. § 1681n and/or § 1681o, or in the alternative their statutory damages of $1,000 pursuant to 15 U.S.C. § 1681n.

18. Defendant's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

19. The Plaintiff is entitled to recover their costs and attorneys' fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## Jury Demand

1. Plaintiff hereby demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff, by and through his attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

c. statutory damages in an amount up to $1,000.00 per violation per plaintiff, pursuant to 15 U.S.C. §1681n;

d. Injunctive relief prohibiting such conduct in the future;

e. Reasonable attorney's fees, litigation expenses, and cost of suit; and

f. Any other relief deemed appropriate by this Honorable Court.

Dated: February 5, 2024           **MINNDAK LAW, PLLC**

/s/Catrina Smith
Catrina Smith (#9893)
625 Main Ave, Suite 152
Moorhead, MN 56560
701.840.6993
csmith@minndaklaw.com
ATTORNEY FOR PLAINTIFF

10